UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICAIAH ABRAM,

        Plaintiff,

   v.

TOWN OF CHEEKTOWAGA POLICE
DEPARTMENT, TOWN OF
CHEEKTOWAGA, and DAVID J. ZACK,

        Defendants.

**DECISION AND ORDER**

18-CV-1267S

## I.  INTRODUCTION

In this action, Plaintiff Micaiah Abram seeks damages from the Town of Cheektowaga, its police department, and its police chief, for violating his rights under the United States Constitution when they seized and failed to return his firearms after a domestic incident at his home. Before this Court is Defendants' Motion to Dismiss Abram's complaint for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12 (b)(4), 12 (b)(5), and 12 (b)(6). For the following reasons, Defendants' motion will be granted.

## II.  BACKGROUND

### A.    Procedural History

Abram filed his original complaint against the Town of Cheektowaga Police Department ("Department") on November 9, 2018. (Docket No. 1.) The Department was served with the summons and complaint on February 7, 2019 (Docket No. 3), and moved to dismiss Abram's complaint on February 26, 2019. (Docket No. 4). On February 27,

2019, this Court issued a briefing schedule on the Department's motion. (Docket No. 5.) The next day, Abram filed his Amended Complaint, now naming the Department, the Town of Cheektowaga, and David J. Zack, Town of Cheektowaga Police Chief, as defendants. (Docket. No. 6.) Defendants filed a motion to dismiss the Amended Complaint on March 21, 2019. (Docket No. 10.) In a text order dated April 11, 2019, this Court found that the Amended Complaint was the operative pleading, and denied as moot Defendants' motion to dismiss the original complaint. (Docket No. 11.) It directed Abram to reply to the motion to dismiss the amended complaint, which he did on April 23, 2019. (Docket No. 12.) Defendants filed their reply on May 1, 2019. (Docket No. 13.) There is no evidence that Abram ever served any of the defendants with an amended summons or the Amended Complaint.

**B.   Abram's Allegations**

This Court assumes the truth of the following factual allegations contained in Abram's amended complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Abram, although represented by counsel, used this Court's pro se complaint form for his amended complaint. In full, his statement of claim alleges:

> On 11/09/2015 plaintiffs (sic) property consisting of firearms was removed from his home by members of the Town of Cheektowaga Police Department. On 11/28/2016 written request for return of property was sent via first class mail addressed to Chief David J. Zack, Cheektowaga Police Department, 3223 Union Road, Buffalo NY 14227 however, through the present the property has not been returned and, upon information and belief is still in the possession of the Town of Cheektowaga Police Department, who maintain that they are holding plaintiff's property under an undisclosed Town of Cheektowaga policy for safekeeping.

(Docket No. 6 at p. 4.)

## III.  DISCUSSION

Abram seeks damages from Defendants, alleging that they are liable to him for violating his Fifth and Fourteenth Amendment rights.

Defendants move to dismiss Abram's amended complaint due to insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, under Rules 12 (b)(4), 12 (b)(5), and 12 (b)(6) of the Federal Rules of Civil Procedure.

### A.    Rule 12 (b)(4)

Rule 12 (b)(4) allows for the dismissal of a complaint for "insufficient process." Fed. R. Civ. P. 12 (b)(4). "Objections to sufficiency of process under Fed. R. Civ. P. 12 (b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." DiFillippo v. Special Metals Corp., 299 F.R.D. 348, 352-53 (N.D.N.Y. 2014). "[A] Rule 12 (b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4 (b) that deals specifically with the content of the summons." Jackson v. City of N.Y., No. 14-CV-5755 (GBD)(KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)).

Where "movants do not assert noncompliance with Rule 4 (b), dealing with the content of the summons, or otherwise challenge the form of the process[,] ... their motion is not governed by Rule 12 (b)(4)." Id. See also Wright & Miller, *supra*, § 1353 ("Other than those cases in which it is confused with a motion under Rule 12 (b)(5), a motion under Rule 12 (b)(4) is fairly rare.").

3

Although Defendants have styled their motion to dismiss as being based on "insufficient process" under Rule 12 (b)(4), Defendants' argument related to service is that Abram did not timely or properly effect service on them, not that there are any "substantive deficiencies in the summons, complaint or accompanying documentation," see DiFillippo, 299 F.R.D. at 352-53. Dismissal on this basis is therefore denied, and this Court will proceed to analyze Defendants' arguments under Rule 12 (b)(5). See Haidon v. Budlong & Budlong, LLC, 318 F. Supp. 3d 568, 575–76 (W.D.N.Y. 2018).

## B.    Rule 12 (b)(5)

Rule 12 (b)(5) allows for the dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12 (b)(5). A Rule 12 (b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Jackson v. City of New York, No. 14-CV-5755 GBD KNF, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting Wright & Miller, supra, § 1353).

Rule 4 (m) governs timely service. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4 (m). Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (quoting E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y.1999)) (internal quotation marks omitted). "Therefore, [a]n attorney's inadvertence, neglect, mistake or misplaced

4

reliance does not constitute good cause." <u>Id.</u> "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." <u>DeLuca v. AccessIT Group,</u> 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

"Where a plaintiff has not shown good cause for his failure to effect service within the … period provided by Rule 4 (m), the decision of whether to grant an extension, and the criteria for that decision, are left to the sound discretion of the district court." <u>Zapata v. City of New York</u>, 502 F.3d 192, 197-98 (2d Cir. 2007).

Courts in this circuit generally consider four factors in deciding whether to grant a discretionary extension in the absence of good cause: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." <u>DeLuca</u>, 695 F. Supp. 2d at 66 (collecting cases).

## C.    Rule 12 (b)(6)

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  Fed. R. Civ. P. 8 (a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the

plaintiff's favor.  Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Comm'cns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id.; Fed. R. Civ. P. 8(a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

   A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits."  Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  This examination is context-specific and requires that the court draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679.  First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away.  See id. Second, well-pleaded, non-conclusory factual

6

allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**D.    Abram's claims against the Cheektowaga police department will be dismissed**

Defendants first move to dismiss Abram's amended complaint against the Town of Cheektowaga Police Department on the grounds that the Police Department is not a suable entity. (Docket No. 10-7 at p. 3.) Abram does not respond to this argument in his response brief. (See Docket No. 12.)

When a party responds only to part of a motion, and leaves other claims unmentioned, a court will find that the party has abandoned the unmentioned claims. See Sullivan v. City of New York, No. 14-CV-1334 JMF, 2015 WL 5025296, at *4 (S.D.N.Y. Aug. 25, 2015), aff'd, 690 F. App'x 63 (2d Cir. 2017); Jackson v. Federal Exp., 766 F.3d 189, 194–95 (2d Cir. 2014) (holding that "a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims" by a counseled party); Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC, No. 08–CV–442 (TPG)(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage ..., a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."). This Court finds, therefore, that Abram has waived this claim by failing to respond to Defendants' argument regarding the Police Department.

This Court also finds dismissal of the claims against the Cheektowaga Police Department proper because it is not a suable entity.

New York law governs this inquiry.  Jourdain v. Port Auth. of New York & New Jersey, No. 19CV1168ARRJO, 2020 WL 2513447, at *9 (E.D.N.Y. May 15, 2020). "Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued." S.W. by J.W. v. Warren, 528 F. Supp. 2d 282, 302 (S.D.N.Y. 2007) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)). "A police department is an administrative arm of the municipal corporation" and, as such, "cannot sue or be sued[.]" Jourdain v. Port Auth. of New York & New Jersey, No. 19CV1168ARRJO, 2020 WL 2513447, at *9 (E.D.N.Y. May 15, 2020) (citing Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999)). Because the Town of Cheektowaga Police Department is an administrative arm of the Town and is not a suable entity, Abram's claim against the Cheektowaga Police Department will be dismissed on this basis.

### E.    Abram's claims against Zack and the Town will be dismissed for insufficient service of process

Defendants argue that Abram's claims against Zack and the Town should be dismissed because these defendants were never served with either the original complaint or the amended complaint. Abram does not address the service issues in his response.

This Court finds that Abram has nowhere provided proof of service of the amended complaint.[1] Nor has he made a showing of good cause for this failure, or even addressed this issue. In the absence of good cause, a court has discretion to dismiss or to permit an extension of time to serve. Zapata, 502 F.3d at 197-98. Weighing Abram's "reasonable

---

[1]Defendants argue that Abram's failure to serve the amended complaint on the newly-named defendants within 90 days of the filing of the *original complaint* violates Rule 4 (m). (Docket No. 10-7 at p. 6.) Nonetheless, Defendants raise the issue of the failure to serve Zack and the Town with the Amended Complaint in their memorandum of law. See Docket No. 10-7 at p.6- 7. And Abram has neither responded to this argument nor filed proof of service.

efforts and diligence" against the prejudice to Defendants resulting from the delay, <u>see</u> <u>DeLuca</u>, 695 F. Supp. 2d. at 66, this Court does not see evidence of reasonable efforts and diligence on Abram's part. He filed his original complaint on the last day before the statute of limitations ended; he served the original defendant near the end of the time for service; he was on notice of the need for service from Defendants' motion to dismiss. (<u>See</u> Docket No. 10-7 at p. 7.) Despite this, he does not even address the issue of lack of service in his response brief. (<u>See</u> Docket No 12.) This Court therefore finds that dismissal of the amended complaint is warranted on the basis of Abram's failure to properly serve it.[2]

## F.    Abram does not state a claim for municipal liability

Even if Abram had properly served the new defendants with the amended complaint, he fails to allege sufficient facts to state a claim for relief against the Town.

Abram brings his federal claims pursuant to 42 U.S.C. § 1983. Civil liability is imposed under § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. <u>See</u> 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in federal statutes and the Constitution.  <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 393-94,109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979)). Accordingly, as a threshold matter in

---

[2] Defendants further argue that Abram's claims against Zack and the Town are time-barred, because his claims against them are not saved by the relation-back doctrine. Abram argues that relation back does apply to the new defendants.  Based upon Rule 15 (c)(1)(C), it appears to this Court that relation back is not proper as to Zack, but would be proper as to the Town. Because Abram failed to serve either Zack or the Town with the amended complaint, and because, as discussed below, Abram fails to state a claim against the Town, this Court will not further address Abram's relation-back arguments.

reviewing claims brought pursuant to § 1983, it is necessary to precisely identify the constitutional violations alleged.  See Baker, 443 U.S. at 140.  Here, Abram's federal claims are grounded in the Fifth and Fourteenth Amendments.

Abram argues that the Town deprived him of his property without due process of law when it seized and failed to return his firearms. (Docket No. 12 at p. 6.) In opposing Abram's claims, the Town argues that it cannot be held liable pursuant to § 1983 because Abram has not sufficiently alleged the existence of a municipal policy or custom.

To prevail on a claim against a municipality under § 1983, a party must establish, as a threshold matter, that a "municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). But a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement," Iqbal, 556 U.S. at 678. Thus, to survive a motion to dismiss, Abram cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Green v. City of Mount Vernon, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1993)). See also Giaccio v. City of N.Y., 308 Fed. Appx. 470, 472 (2d Cir. 2009) (affirming dismissal of a Monell claim where the plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability").

Here, Abram's amended complaint alleges that the Town removed his firearms; that he wrote a letter requesting their return; and that the Town refused to return them.

He states that the Police Department "maintain that they are holding plaintiff's property under an undisclosed Town of Cheektowaga policy for safekeeping." (Docket No. 6 at p. 4.) In his memorandum of law, however, Abram asserts that officers told him the firearms were being kept as "evidence," and that he received "no response" to a letter his attorney sent to Zack. (Docket No. 12 at p. 3.) Abram does not name the person who pointed to a policy, nor does he attach any correspondence with the Town to his complaint. His complaint is a bare-bones statement that the Town refused to return his firearms pursuant to a policy.

A conclusory allegation that a policy exists, without more, "must be disregarded." Green, 96 F. Supp. 3d at 302–03 (citing Simms v. City of New York, No. 10–CV–3420, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011) aff'd, 480 Fed. Appx. 627 (2d Cir. 2012) (dismissing conclusory allegations that did not provide any facts that would allow the court to infer what city policies or practices led to the alleged deficiency, and contained only legal conclusions and boilerplate)); Triano v. Town of Harrison, 895 F. Supp. 2d 526, 535–37 (S.D.N.Y. 2012) (holding that "mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details" and collecting cases). See also  Murray v. Admin. for Children's Servs., 476 F. Supp. 2d 436, 442 (S.D.N.Y. 2007) ("The Amended Complaint does not allege other similar instances ... that could raise an inference that the [defendant municipality] maintains a policy or custom of deliberate indifference to these types of constitutional deprivations."), aff'd, 293 Fed. Appx. 831 (2d Cir. 2008)).

The only facts Abram alleges—taken as true—show a one-time failure to return his property, after he requested its return. Using the word "policy," without more, does not

allow this Court to infer that the Town can be liable under <u>Monell</u>.

Consequently, this Court finds that Abram has failed to state a claim against the Town, and accordingly will dismiss Abram's claim.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Abram's claims is GRANTED. Abram's claim against the Cheektowaga Police Department is DISMISSED because the Police Department, as an arm of the municipality, is a non-suable entity. Abram's claim against Police Chief David Zack is DISMISSED due to insufficient service. Abram's claim against the Town of Cheektowaga is DISMISSED due to insufficient service and because it fails to plausibly allege the existence of a municipal policy.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss the Amended Complaint (Docket No. 10) is GRANTED.

FURTHER, that Abram's claims against the Town of Cheektowaga Police Department, the Town of Cheektowaga, and Police Chief David J. Zack are DISMISSED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      June 29, 2020
            Buffalo, New York


                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge